MAK MAK CIVIL COVER SHEET 5:19-cv-235

.S 44 (Rev 06/17)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **19 235**

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Shannon Sacco, Individually and as Parent and Natural Guardian of M.S., a minor | Cedar Fair, L.P., Cedar Fair Management, Inc., and Dorney Park, LLC |
| **(b)** County of Residence of First Listed Plaintiff    Lehigh County *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant *(IN U.S. PLAINTIFF CASES ONLY)* NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Diane M. Solario, Esq. and Richard A. Godshall, Esquire Ostroff Injuy, 518 E. Township Line Road, Suite 100 Blue Bell, PA 19422 | Attorneys *(If Known)* |

| **II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)* | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff* *(For Diversity Cases Only)*    *and One Box for Defendant)* | | | |
|---|---|---|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* | | PTF DEF | | PTF DEF |
| | | Citizen of This State | ☒ 1  ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4  ☐ 4 |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | Citizen of Another State | ☐ 2  ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5  ☒ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3  ☐ 3 | Foreign Nation | ☐ 6  ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*          Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

| **V. ORIGIN** *(Place an "X" in One Box Only)* | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**    Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. Section 1332
Brief description of cause:

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P | **DEMAND $** | CHECK YES only if demanded in complaint: JURY DEMAND:   ☐ Yes   ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | *(See instructions)* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

JAN 14 2019

DATE 1/15/19    SIGNATURE OF ATTORNEY OF RECORD   *Diane M. Solario*   60692

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG JUDGE_____



19    235

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 2742 Apple Road, Fogelsville, PA 18051

Address of Defendant: _____ 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110

Place of Accident, Incident or Transaction: _____ Dorney Park, 3830 Dorney Park Road, Allentown, PA

---

**RELATED CASE, IF ANY:**

Case Number _____    Judge _____    Date Terminated. _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1  Is this case related to property included in an earlier numbered suit pending or within one year      Yes ☐    No ☑
   previously terminated action in this court?

2  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit      Yes ☐    No ☑
   pending or within one year previously terminated action in this court?

3  Does this case involve the validity or infringement of a patent already in suit or any earlier      Yes ☐    No ☑
   numbered case pending or within one year previously terminated action of this court?

4  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights      Yes ☐    No ☑
   case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☑ is not   related to any case now pending or within one year previously terminated action in
this court except as noted above.

DATE  12/19/2018                         _Attorney-at-Law / Pro Se Plaintiff_          60692
                                                                              _Attorney I D # (if applicable)_

---

**CIVIL:** (Place a √ in one category only)

**A.**    *Federal Question Cases:*

☐  1    Indemnity Contract, Marine Contract, and All Other Contracts
☐  2    FELA
☐  3    Jones Act-Personal Injury
☐  4.   Antitrust
☐  5    Patent
☐  6.   Labor-Management Relations
☐  7    Civil Rights
☐  8    Habeas Corpus
☐  9    Securities Act(s) Cases
☐  10   Social Security Review Cases
☐  11   All other Federal Question Cases
        *(Please specify)* _____

**B.**    *Diversity Jurisdiction Cases:*

☐  1    Insurance Contract and Other Contracts
☐  2    Airplane Personal Injury
☐  3.   Assault, Defamation
☐  4    Marine Personal Injury
☐  5    Motor Vehicle Personal Injury
☑  6    Other Personal Injury *(Please specify)*   Amusement Park
☐  7    Products Liability
☐  8    Products Liability -- Asbestos
☐  9    All other Diversity Cases
        *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, _____ , counsel of record or pro se plaintiff, do hereby certify

☐  Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
   exceed the sum of $150,000.00 exclusive of interest and costs

☐  Relief other than monetary damages is sought.

DATE _____

                         _Attorney-at-Law / Pro Se Plaintiff_          _Attorney I D # (if applicable)_

                                                                              JAN 14 2019

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Cv 609 (5/2018)



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Shannon Sacco, individually and as parent and
natural guardian of M.S , a minor

v.

Cedar Fair, LP, individually and d/b/a Dorney Park and
Cedar Foram Management, Inc., and Dorney Park, LLC

CIVIL ACTION **19**      **235**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for
plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of
filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse
side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said
designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on
the plaintiff and all other parties, a Case Management Track Designation Form specifying the track
to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court. (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

1/9/19
**Date**

Diane M. Sodano, Esquire
**Attorney-at-law**

Plaintiff
**Attorney for**

610-279-7000

484-351-0355

dsodano@ostrofflaw.com

**Telephone**

**FAX Number**

**E-Mail Address**

(Civ. 660) 10/02

JAN 14 2019

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON SACCO, individually and<br>as parent and natural guardian of<br>M.S., a minor<br>2742 Apple Road<br>Fogelsville, PA 18051, | : | CIVIL ACTION - LAW<br>No. _____ |
|                        Plaintiff | : | |
| | : | |
|    vs. | : | |
| | : | |
| CEDAR FAIR, LP, individually and<br>d/b/a DORNEY PARK<br>c/o Corporation Services Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110 | : | |
| | : | |
| and | : | |
| | : | |
| CEDAR FAIR MANAGEMENT, INC.<br>c/o Corporation Services Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110 | : | |
| | : | |
| and | : | |
| | : | |
| DORNEY PARK, LLC<br>c/o Corporation Services Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110, | : | |
| | : | |
|                 Defendants. | : | |

## <u>Civil Action Complaint</u>

1.    Plaintiff, Shannon Sacco (hereinafter "Plaintiff-Mother") is an adult individual who resides at the above referenced address, in Lehigh County, Pennsylvania, and is the mother and natural guardian of M.S. (hereinafter "Minor").

2.      This action is brought by Plaintiff-Mother in her own right and on behalf of Minor.

3.      At all times relevant to this action, Minor resided with Plaintiff-Mother at the above referenced address in Lehigh County, Pennsylvania; Minor was born in 2003.

4.      Defendant, Cedar Fair, LP, individually and d/b/a Dorney Park is a Delaware limited partnership, with a registered agent at the above referenced address located in Dauphin County, Pennsylvania.

5.      Defendant, Cedar Fair Management, Inc. is an Ohio corporation, with a registered agent at the above referenced address located in Dauphin County, Pennsylvania.

6.      Defendant, Dorney Park, LLC is a Delaware limited liability company, with a registered agent at the above referenced address located in Dauphin County, Pennsylvania.

7.      Neither Plaintiff-Mother nor Minor is a resident of the same state as any of the Defendants and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

8.      At all times material hereto, Defendants, individually, jointly and/or severally engaged in the amusement park and entertainment business.

9.      Upon information and belief, at all material times hereto, Defendants, individually, jointly and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants, owned, possessed, managed, constructed, designed, maintained, operated and/or controlled the property known as Dorney Park, located at 3830 Dorney Park Road, in Allentown, Lehigh County, Pennsylvania,

(hereinafter, referred to as the "Dorney Park"), including its events, shows, concerts, rides, attractions, exhibits, games and/or Halloween attractions.

10.     Upon information and belief, at all material times hereto, Defendants, individually, jointly and/or severally, acted and/or failed to act directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants, in the ownership, possession, management, construction, design, maintenance, operation and/or control of Dorney Park, including its events, shows, concerts, rides, attractions, exhibits and/or games, and its Halloween attractions.

11.     Upon information and belief, at all material times hereto, Defendants, individually, jointly and/or severally, were responsible for the acts and/or omissions of their duly authorized agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants.

12.     On or about September 15, 2017, at approximately 7:00, Minor, with two of her minor friends, lawfully entered Dorney Park, using their Dorney Park season passes, for purposes associated with Defendants' amusement park and entertainment business.

13.     At all times material hereto, Minor was a business invitee of Defendants, and as such was owed the highest duty of care by Defendants.

14.     Minor and her friends made their way from the front of the park to a water ice concession located toward the left hand rear of the park, when Minor became aware she needed to pass through one of the Halloween attractions to continue her route through the park.

15.     As Minor passed through said area, several of Defendants' costumed employees that were part of the Halloween attraction began to approach Minor, whereupon Minor called out to said employees to stop approaching her as she did not want to be scared by them.

16.     After witnessing said employees begin to retreat from Minor in response to her demand to stop, Minor turned to continue her route through the area.

17.     As Minor began to walk forward, one of Defendants' said employees, in blatant disregard of Minor's demand, ran up to Minor from behind and yelled loudly into Minor's ear, intentionally startling Minor.

18.     As a direct and proximate result of the employee's said assault upon Minor, and Minor's alarm, Minor lunged forward and fell forcefully to the ground.

19.     At no time prior to Minor's entrance to Dorney Park up to and including the time of Minor's fall, did Defendants notify Minor or Plaintiff-Mother of the option to purchase a glow-in-the-dark necklace, labeled by Defendants as a "No Boo" necklace, to signal Defendants' employees not to scare Minor.

20.     Minor's aforesaid fall (hereinafter, referred to as Minor's "Fall") was directly and proximately caused by the individual, joint, and/or several negligence and carelessness of Defendants, directly and/or by and through their agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting in the course and scope of such authority, as set forth more fully herein.

21.     As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, and Minor's resulting fall, Minor suffered severe, permanent and debilitating injuries.

22.     Plaintiff-Mother and Minor in no way or manner contributed to Minor's fall or her resulting injuries.

23.     As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, and Minor's Fall, Minor has suffered and may in the future continue to suffer debilitating bodily injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and serious impairment of one or more bodily functions.

24.     As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, Minor's Fall, and Minor's resulting injuries, Minor has undergone and may in the future undergo various reasonable and necessary medical treatments.

25.     As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, Minor's Fall, and Minor's resulting injuries, Plaintiff-Mother and Minor have been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure Minor of the injuries she sustained, to Plaintiffs' ongoing detriment and financial loss.

26.     As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, Minor's Fall, and Minor's resulting injuries, Minor has been and may in the future be hindered and/or prevented from attending to and/or fully performing her usual and customary duties, hobbies and/or avocations, to her ongoing detriment and loss.

27.     As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, Minor's Fall, and Minor's resulting injuries, Minor has been prevented and may in the future may be prevented from being gainfully employed, resulting in

a loss of earning and/or an impairment of her earning capacity, to her ongoing detriment and loss.

28.     As a direct and proximate result of the individual, joint, and/or negligence and carelessness of Defendants, Minor's Fall, and Minor's resulting injuries, Plaintiff-Mother has had and/or in the future may have a loss of earnings due to time required to care for Minor due to Minor's injuries.

**Count I - Negligence**
**Shannon Sacco, individually and as**
**Parent and Natural Guardian of**
**M.S.**
**v.**
**Cedar Fair, LP, individually and d/b/a Dorney Park**

29.     Plaintiff-Mother incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

30.     The individual, joint and/or several negligence and carelessness of Defendant, Cedar Fair, LP, individually and d/b/a Dorney Park, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included:

   a. Failing to properly advise business invitees, including Plaintiff-Mother and Minor, of the option to purchase a "No Boo" necklace;

   b. Failing to properly refrain from scaring Minor, in disregard of and direct opposition to Minor's demand not to scare her;

   c. Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, specifically by unreasonably startling business invitees in Minor's position;

d. Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, under the aforesaid circumstances;

e. Failing to warn business invitees, including Plaintiff-Mother and Minor, of the specific risk of being scared by Defendants' employees in direct opposition to and disregard of business invitees, including Minor's, explicit objections;

f. Entrusting the operation of specific Halloween exhibits to employees, including the aforesaid employee, when said employees were unfit to and incapable of operating said exhibits with due regard for the rights, safety, wellbeing and position of business invitees in Minor's position;

g. Creating, promoting, and/or fostering a policy and/or practice by which its Halloween costumed employees, including the aforesaid employee, routinely startling business invitees over business invitees' objection and/or when business invitees were not anticipating such action;

h. Failing to properly instruct, train and/or supervise its Halloween costumed employees, including the aforesaid employee with respect to the proper and safe operation of Defendants' Halloween exhibits under the aforesaid circumstances;

i. Hiring, employing or otherwise authorizing employees including the aforesaid employee, to operate Defendants' Halloween exhibits under the aforesaid circumstances despite such employees' inexperience, inability and/or incompetence to carefully and safely to do so;

j. Failing to take reasonable precautions to prevent the aforesaid employee from operating a Halloween exhibit under the aforesaid circumstances, at a time when he was incapable of operating such exhibit safely and with due and proper care for business invitees, including Minor.

**WHEREFORE,** Plaintiff, in her own right and on behalf of Minor, demands judgment in their favor and individually, jointly, severally, and specifically against Defendant, Cedar Fair, LP, individually and d/b/a Dorney Park, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs, and with such further relief as this Court may deem appropriate.

**Count II - Negligence**
**Shannon Sacco, individually and as**
**Parent and Natural Guardian of**
**M.S.**
**v.**
**Cedar Fair Management, Inc.**

31.     Plaintiff-Mother incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

32.     The individual, joint and/or several negligence and carelessness of Defendant, Cedar Fair Management, Inc., directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included:

a. Failing to properly advise business invitees, including Plaintiff-Mother and Minor, of the option to purchase a "No Boo" necklace;

b. Failing to properly refrain from scaring Minor, in disregard of and direct opposition to Minor's demand not to scare her;

c. Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, specifically by unreasonably startling business invitees in Minor's position;

d. Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, under the aforesaid circumstances;

e. Failing to warn business invitees, including Plaintiff-Mother and Minor, of the specific risk of being scared by Defendants' employees in direct opposition to and disregard of business invitees, including Minor's, explicit objections;

f. Entrusting the operation of specific Halloween exhibits to employees, including the aforesaid employee, when said employees were unfit to and incapable of operating said exhibits with due regard for the rights, safety, wellbeing and position of business invitees in Minor's position;

g.  Creating, promoting, and/or fostering a policy and/or practice by which its Halloween costumed employees, including the aforesaid employee, routinely startling business invitees over business invitees' objection and/or when business invitees were not anticipating such action;

h.  Failing to properly instruct, train and/or supervise its Halloween costumed employees, including the aforesaid employee with respect to the proper and safe operation of Defendants' Halloween exhibits under the aforesaid circumstances;

i.  Hiring, employing or otherwise authorizing employees including the aforesaid employee, to operate Defendants' Halloween exhibits under the aforesaid circumstances despite such employees' inexperience, inability and/or incompetence to carefully and safely to do so;

j.  Failing to take reasonable precautions to prevent the aforesaid employee from operating a Halloween exhibit under the aforesaid circumstances, at a time when he was incapable of operating such exhibit safely and with due and proper care for business invitees, including Minor.

**WHEREFORE,** Plaintiff, in her own right and on behalf of Minor, demands judgment in their favor and individually, jointly, severally, and specifically against Defendant, Cedar Fair Management, Inc., in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs, and with such further relief as this Court may deem appropriate.

**Count III - Negligence**
**Shannon Sacco, individually and as**
**Parent and Natural Guardian of**
**M.S.**
**v.**
**Dorney Park, LLC**

33.  Plaintiff-Mother incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

34.    The individual, joint and/or several negligence and carelessness of Defendant, Dorney Park, LLC, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included:

a. Failing to properly advise business invitees, including Plaintiff-Mother and Minor, of the option to purchase a "No Boo" necklace;

b. Failing to properly refrain from scaring Minor, in disregard of and direct opposition to Minor's demand not to scare her;

c. Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, specifically by unreasonably startling business invitees in Minor's position;

d. Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, under the aforesaid circumstances;

e. Failing to warn business invitees, including Plaintiff-Mother and Minor, of the specific risk of being scared by Defendants' employees in direct opposition to and disregard of business invitees, including Minor's, explicit objections;

f. Entrusting the operation of specific Halloween exhibits to employees, including the aforesaid employee, when said employees were unfit to and incapable of operating said exhibits with due regard for the rights, safety, wellbeing and position of business invitees in Minor's position;

g. Creating, promoting, and/or fostering a policy and/or practice by which its Halloween costumed employees, including the aforesaid employee, routinely startling business invitees over business invitees' objection and/or when business invitees were not anticipating such action;

h. Failing to properly instruct, train and/or supervise its Halloween costumed employees, including the aforesaid employee with respect to the proper and safe operation of Defendants' Halloween exhibits under the aforesaid circumstances;

i. Hiring, employing or otherwise authorizing employees including the aforesaid employee, to operate Defendants' Halloween exhibits under the aforesaid circumstances despite such employees' inexperience, inability and/or incompetence to carefully and safely to do so;

j.  Failing to take reasonable precautions to prevent the aforesaid employee from operating a Halloween exhibit under the aforesaid circumstances, at a time when he was incapable of operating such exhibit safely and with due and proper care for business invitees, including Minor.

**WHEREFORE,** Plaintiff, in her own right and on behalf of Minor, demands judgment in their favor and individually, jointly, severally, and specifically against Defendant, Dorney Park, LLC, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs, and with such further relief as this Court may deem appropriate.

OSTROFF INJURY LAW, PC
Attorneys for Plaintiff

Date:_____          By:_____
Diane M. Sodano, Esquire - #60692
Richard A. Godshall, Esquire - #93467
Ostroff Injury Law, P.C.
518 Township Line Road, Suite, 100
Blue Bell, PA 19422
(610)279-7000

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON SACCO, individually and | : | CIVIL ACTION - LAW |
| as parent and natural guardian of | : | No. _____ |
| MIA SACCO, a minor | : | |
| 2742 Apple Road | : | |
| Fogelsville, PA 18051, | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| CEDAR FAIR, LP, individually and | : | |
| d/b/a DORNEY PARK | : | |
| c/o Corporation Services Company | : | |
| 2595 Interstate Drive, Suite 103 | : | |
| Harrisburg, PA 17110 | : | |
| | : | |
| and | : | |
| | : | |
| CEDAR FAIR MANAGEMENT, INC. | : | |
| c/o Corporation Services Company | : | |
| 2595 Interstate Drive, Suite 103 | : | |
| Harrisburg, PA 17110 | : | |
| | : | |
| and | : | |
| | : | |
| DORNEY PARK, LLC | : | |
| c/o Corporation Services Company | : | |
| 2595 Interstate Drive, Suite 103 | : | |
| Harrisburg, PA 17110, | : | |
| | : | |
| Defendants. | : | |

## Civil Action Complaint

1.      Plaintiff, Shannon Sacco (hereinafter "Plaintiff-Mother") is an adult individual

who resides at the above referenced address, in Lehigh County, Pennsylvania, and is the mother

and natural guardian of Mia Sacco (hereinafter "Minor").

2.     This action is brought by Plaintiff-Mother in her own right and on behalf of Minor.

3.     At all times relevant to this action, Minor resided with Plaintiff-Mother at the above referenced address in Lehigh County, Pennsylvania; Minor was born in 2003.

4.     Defendant, Cedar Fair, LP, individually and d/b/a Dorney Park is a Delaware limited partnership, with a registered agent at the above referenced address located in Dauphin County, Pennsylvania.

5.     Defendant, Cedar Fair Management, Inc. is an Ohio corporation, with a registered agent at the above referenced address located in Dauphin County, Pennsylvania.

6.     Defendant, Dorney Park, LLC is a Delaware limited liability company, with a registered agent at the above referenced address located in Dauphin County, Pennsylvania.

7.     Neither Plaintiff-Mother nor Minor is a resident of the same state as any of the Defendants and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

8.     At all times material hereto, Defendants, individually, jointly and/or severally engaged in the amusement park and entertainment business.

9.     Upon information and belief, at all material times hereto, Defendants, individually, jointly and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants, owned, possessed, managed, constructed, designed, maintained, operated and/or controlled the property known as Dorney Park, located at 3830 Dorney Park Road, in Allentown, Lehigh County, Pennsylvania,

(hereinafter, referred to as the "Dorney Park"), including its events, shows, concerts, rides, attractions, exhibits, games and/or Halloween attractions.

10.    Upon information and belief, at all material times hereto, Defendants, individually, jointly and/or severally, acted and/or failed to act directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants, in the ownership, possession, management, construction, design, maintenance, operation and/or control of Dorney Park, including its events, shows, concerts, rides, attractions, exhibits and/or games, and its Halloween attractions.

11.    Upon information and belief, at all material times hereto, Defendants, individually, jointly and/or severally, were responsible for the acts and/or omissions of their duly authorized agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants.

12.    On or about September 15, 2017, at approximately 7:00, Minor, with two of her minor friends, lawfully entered Dorney Park, using their Dorney Park season passes, for purposes associated with Defendants' amusement park and entertainment business.

13.    At all times material hereto, Minor was a business invitee of Defendants, and as such was owed the highest duty of care by Defendants.

14.    Minor and her friends made their way from the front of the park to a water ice concession located toward the left hand rear of the park, when Minor became aware she needed to pass through one of the Halloween attractions to continue her route through the park.

15.     As Minor passed through said area, several of Defendants' costumed employees that were part of the Halloween attraction began to approach Minor, whereupon Minor called out to said employees to stop approaching her as she did not want to be scared by them.

16.     After witnessing said employees begin to retreat from Minor in response to her demand to stop, Minor turned to continue her route through the area.

17.     As Minor began to walk forward, one of Defendants' said employees, in blatant disregard of Minor's demand, ran up to Minor from behind and yelled loudly into Minor's ear, intentionally startling Minor.

18.     As a direct and proximate result of the employee's said assault upon Minor, and Minor's alarm, Minor lunged forward and fell forcefully to the ground.

19.     At no time prior to Minor's entrance to Dorney Park up to and including the time of Minor's fall, did Defendants notify Minor or Plaintiff-Mother of the option to purchase a glow-in-the-dark necklace, labeled by Defendants as a "No Boo" necklace, to signal Defendants' employees not to scare Minor.

20.     Minor's aforesaid fall (hereinafter, referred to as Minor's "Fall") was directly and proximately caused by the individual, joint, and/or several negligence and carelessness of Defendants, directly and/or by and through their agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting in the course and scope of such authority, as set forth more fully herein.

21.     As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, and Minor's resulting fall, Minor suffered severe, permanent and debilitating injuries.

22.     Plaintiff-Mother and Minor in no way or manner contributed to Minor's fall or her resulting injuries.

23.     As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, and Minor's Fall, Minor has suffered and may in the future continue to suffer debilitating bodily injuries, severe pain, anxiety, depression, emotional and mental distress, humiliation, embarrassment, and/or loss of pleasures and enjoyment of life, and serious impairment of one or more bodily functions.

24.     As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, Minor's Fall, and Minor's resulting injuries, Minor has undergone and may in the future undergo various reasonable and necessary medical treatments.

25.     As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, Minor's Fall, and Minor's resulting injuries, Plaintiff-Mother and Minor have been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure Minor of the injuries she sustained, to Plaintiffs' ongoing detriment and financial loss.

26.     As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, Minor's Fall, and Minor's resulting injuries, Minor has been and may in the future be hindered and/or prevented from attending to and/or fully performing her usual and customary duties, hobbies and/or avocations, to her ongoing detriment and loss.

27.     As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, Minor's Fall, and Minor's resulting injuries, Minor has been prevented and may in the future may be prevented from being gainfully employed, resulting in

a loss of earning and/or an impairment of her earning capacity, to her ongoing detriment and loss.

28.     As a direct and proximate result of the individual, joint, and/or negligence and carelessness of Defendants, Minor's Fall, and Minor's resulting injuries, Plaintiff-Mother has had and/or in the future may have a loss of earnings due to time required to care for Minor due to Minor's injuries.

**Count I - Negligence**
**Shannon Sacco, individually and as**
**Parent and Natural Guardian of**
**Mia Sacco**
**v.**
**Cedar Fair, LP, individually and d/b/a Dorney Park**

29.     Plaintiff-Mother incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

30.     The individual, joint and/or several negligence and carelessness of Defendant, Cedar Fair, LP, individually and d/b/a Dorney Park, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included:

   a.  Failing to properly advise business invitees, including Plaintiff-Mother and Minor, of the option to purchase a "No Boo" necklace;

   b.  Failing to properly refrain from scaring Minor, in disregard of and direct opposition to Minor's demand not to scare her;

   c.  Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, specifically by unreasonably startling business invitees in Minor's position;

d. Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, under the aforesaid circumstances;

e. Failing to warn business invitees, including Plaintiff-Mother and Minor, of the specific risk of being scared by Defendants' employees in direct opposition to and disregard of business invitees, including Minor's, explicit objections;

f. Entrusting the operation of specific Halloween exhibits to employees, including the aforesaid employee, when said employees were unfit to and incapable of operating said exhibits with due regard for the rights, safety, wellbeing and position of business invitees in Minor's position;

g. Creating, promoting, and/or fostering a policy and/or practice by which its Halloween costumed employees, including the aforesaid employee, routinely startling business invitees over business invitees' objection and/or when business invitees were not anticipating such action;

h. Failing to properly instruct, train and/or supervise its Halloween costumed employees, including the aforesaid employee with respect to the proper and safe operation of Defendants' Halloween exhibits under the aforesaid circumstances;

i. Hiring, employing or otherwise authorizing employees including the aforesaid employee, to operate Defendants' Halloween exhibits under the aforesaid circumstances despite such employees' inexperience, inability and/or incompetence to carefully and safely to do so;

j. Failing to take reasonable precautions to prevent the aforesaid employee from operating a Halloween exhibit under the aforesaid circumstances, at a time when he was incapable of operating such exhibit safely and with due and proper care for business invitees, including Minor.

**WHEREFORE,** Plaintiff, in her own right and on behalf of Minor, demands judgment in their favor and individually, jointly, severally, and specifically against Defendant, Cedar Fair, LP, individually and d/b/a Dorney Park, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs, and with such further relief as this Court may deem appropriate.

**Count II - Negligence**
**Shannon Sacco, individually and as**
**Parent and Natural Guardian of**
**Mia Sacco**
**v.**
**Cedar Fair Management, Inc.**

31.     Plaintiff-Mother incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

32.     The individual, joint and/or several negligence and carelessness of Defendant, Cedar Fair Management, Inc., directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included:

  a.  Failing to properly advise business invitees, including Plaintiff-Mother and Minor, of the option to purchase a "No Boo" necklace;

  b.  Failing to properly refrain from scaring Minor, in disregard of and direct opposition to Minor's demand not to scare her;

  c.  Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, specifically by unreasonably startling business invitees in Minor's position;

  d.  Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, under the aforesaid circumstances;

  e.  Failing to warn business invitees, including Plaintiff-Mother and Minor, of the specific risk of being scared by Defendants' employees in direct opposition to and disregard of business invitees, including Minor's, explicit objections;

  f.  Entrusting the operation of specific Halloween exhibits to employees, including the aforesaid employee, when said employees were unfit to and incapable of operating said exhibits with due regard for the rights, safety, wellbeing and position of business invitees in Minor's position;

g. Creating, promoting, and/or fostering a policy and/or practice by which its Halloween costumed employees, including the aforesaid employee, routinely startling business invitees over business invitees' objection and/or when business invitees were not anticipating such action;

h. Failing to properly instruct, train and/or supervise its Halloween costumed employees, including the aforesaid employee with respect to the proper and safe operation of Defendants' Halloween exhibits under the aforesaid circumstances;

i. Hiring, employing or otherwise authorizing employees including the aforesaid employee, to operate Defendants' Halloween exhibits under the aforesaid circumstances despite such employees' inexperience, inability and/or incompetence to carefully and safely to do so;

j. Failing to take reasonable precautions to prevent the aforesaid employee from operating a Halloween exhibit under the aforesaid circumstances, at a time when he was incapable of operating such exhibit safely and with due and proper care for business invitees, including Minor.

**WHEREFORE,** Plaintiff, in her own right and on behalf of Minor, demands judgment in their favor and individually, jointly, severally, and specifically against Defendant, Cedar Fair Management, Inc., in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs, and with such further relief as this Court may deem appropriate.

**Count III - Negligence**
**Shannon Sacco, individually and as**
**Parent and Natural Guardian of**
**Mia Sacco**
**v.**
**Dorney Park, LLC**

33.     Plaintiff-Mother incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

34.   The individual, joint and/or several negligence and carelessness of Defendant, Dorney Park, LLC, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of such relationship, included:

a.   Failing to properly advise business invitees, including Plaintiff-Mother and Minor, of the option to purchase a "No Boo" necklace;

b.   Failing to properly refrain from scaring Minor, in disregard of and direct opposition to Minor's demand not to scare her;

c.   Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, specifically by unreasonably startling business invitees in Minor's position;

d.   Operating Defendants' Halloween attraction and exhibits without due regard for the rights, safety, wellbeing, and position of its business invitees, including Minor, under the aforesaid circumstances;

e.   Failing to warn business invitees, including Plaintiff-Mother and Minor, of the specific risk of being scared by Defendants' employees in direct opposition to and disregard of business invitees, including Minor's, explicit objections;

f.   Entrusting the operation of specific Halloween exhibits to employees, including the aforesaid employee, when said employees were unfit to and incapable of operating said exhibits with due regard for the rights, safety, wellbeing and position of business invitees in Minor's position;

g.   Creating, promoting, and/or fostering a policy and/or practice by which its Halloween costumed employees, including the aforesaid employee, routinely startling business invitees over business invitees' objection and/or when business invitees were not anticipating such action;

h.   Failing to properly instruct, train and/or supervise its Halloween costumed employees, including the aforesaid employee with respect to the proper and safe operation of Defendants' Halloween exhibits under the aforesaid circumstances;

i.   Hiring, employing or otherwise authorizing employees including the aforesaid employee, to operate Defendants' Halloween exhibits under the aforesaid circumstances despite such employees' inexperience, inability and/or incompetence to carefully and safely to do so;

    j.   Failing to take reasonable precautions to prevent the aforesaid employee from operating a Halloween exhibit under the aforesaid circumstances, at a time when he was incapable of operating such exhibit safely and with due and proper care for business invitees, including Minor.

**WHEREFORE,** Plaintiff, in her own right and on behalf of Minor, demands judgment in their favor and individually, jointly, severally, and specifically against Defendant, Dorney Park, LLC, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs, and with such further relief as this Court may deem appropriate.

OSTROFF INJURY LAW, PC
Attorneys for Plaintiff

Date:_____     By:_____

                      Diane M. Sodano, Esquire - #60692
                      Richard A. Godshall, Esquire - #93467
                      Ostroff Injury Law, P.C.
                      518 Township Line Road, Suite, 100
                      Blue Bell, PA 19422
                      (610)279-7000

## Verification

The undersigned, plaintiff in this action, verify that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signors have relied upon counsel in taking said verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Shannon Sacco, individually and as mother
and natural guardian of Mia Sacco